**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0122** (Braxton County 20-F-11)

**Jeffery Earnest Mollohan,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Jeffery Earnest Mollohan, self-represented, appeals the January 26, 2021, order of the Circuit Court of Braxton County denying his "motion to reconsider" his sentence. The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner raises several arguments surrounding his conviction of one count of conspiracy, argues that his counsel provided ineffective assistance of counsel, and claims that he has been denied access to legal materials needed to research his case.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2020, petitioner was indicted on one count of conspiracy in violation of West Virginia Code § 61-10-31 and one count of grand larceny in violation of West Virginia Code § 61-3-13(a). In the indictment, the State alleged that petitioner and his unindicted co-conspirator, Kendra Nicole Hensley, acting in concert, conspired to steal, and stole, a Honda side-by-side vehicle from John Meadows.

Petitioner's jury trial commenced in August of 2020. Testimony established that petitioner drove Ms. Hensley to Mr. Meadows's property and the two noticed that the keys to Mr. Meadows's side-by-side were inside of the vehicle. The two hatched a plan to steal the side-by-side, and Ms. Hensley exited their vehicle and drove Mr. Meadows's side-by-side away while petitioner followed her in their vehicle. Mr. Meadows later observed the theft on his security camera and called petitioner's father, requesting that the side-by-side be returned. Petitioner and Ms. Hensley returned

the side-by-side the next day. Mr. Meadows testified that he was the owner of the side-by-side but did not produce the vehicle's title. Following deliberations, petitioner was convicted of the count of conspiracy. He was acquitted, however, of the one count of grand larceny.

The circuit court held a sentencing hearing in October of 2020. The circuit court called Mr. Meadows to testify regarding his ownership of the side-by-side. Mr. Meadows testified that he owned the vehicle and, on this occasion, produced the title. Although Mr. Meadows did not have a bill of sale for the vehicle, he produced a cancelled check. The circuit court also questioned the State as to why petitioner's co-conspirator, Ms. Hensley, had not been charged with a crime since evidence during the trial demonstrated that Ms. Hensley was the one to drive the side-by-side from Mr. Meadows's property. The State indicated that it was "still looking at the co-defendant."

Counsel for petitioner moved the circuit court for some type of alternative sentence, noting that petitioner "has very few convictions." Counsel further noted that petitioner was remorseful and not the true perpetrator of the theft. Petitioner addressed the circuit court and apologized to Mr. Meadows, the circuit court, and his family for the trouble and embarrassment he had put upon them. The State argued against alternative sentencing and stated that petitioner should be sentenced to a term of incarceration. Ultimately, the circuit court sentenced petitioner to one to five years of incarceration, noting that petitioner committed a very serious offense and violated the trust of the community and Mr. Meadows. The sentencing court also noted petitioner's "significant criminal history." The circuit court further found that petitioner had no respect for his community and no remorse for his actions.

In November of 2020, petitioner, by counsel, filed a motion for acquittal or a motion for judgment notwithstanding the verdict.[1] As grounds for the motion, petitioner argued that 1) the ownership of the side-by-side was not established at trial; 2) that the return of the side-by-side the next day demonstrated the offense of joyriding, not grand larceny, thus making the offense of conspiracy not substantiated by the evidence; and 3) that the jury instructions indicating that petitioner committed an overt act in furtherance of the conspiracy were not supported by the evidence as Ms. Hensley drove the side-by-side from Mr. Meadows's property.

The circuit court held a hearing on petitioner's motion in January of 2021. The circuit court denied petitioner's motion, finding that the State presented sufficient evidence to prove that petitioner committed the offense of conspiracy and that the jury verdict was proper.

Later in January of 2021, petitioner, without the assistance of counsel, filed a letter with the circuit court asking that his counsel be relieved and inquiring as to the status of his "motion to reconsider sentence." The circuit court determined that it would "file [petitioner's] letter as a motion to remove counsel and a motion to reconsider sentence." With respect to petitioner's motion to reconsider, the circuit court found that petitioner was found guilty of conspiracy by the jury and was sentenced to not less than one nor more than five years of incarceration. The circuit court found

---

[1]Although this motion was initially styled as a motion to reconsider, petitioner's counsel later corrected that on the record, instructing the court that it was actually a motion for acquittal or a motion for judgment notwithstanding the verdict. The record does not indicate under which rule the motion was considered.

2

that the sentence imposed was appropriate given his prior criminal record, history of substance abuse, and his failure to comply with the terms and conditions of bond.[2] As such, the circuit court concluded that petitioner was not a suitable candidate for an alternative sentence such as probation or home confinement. Petitioner now appeals the January 26, 2021, order denying his "motion to reconsider."[3]

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a de novo review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner raises three assignments of error arising from his being charged with and convicted of conspiracy. Petitioner argues that he should not have been found guilty of conspiracy when his alleged co-conspirator, Ms. Hensley, was not charged with the crime. Petitioner claims that his "indictment is wrong for mentioning a co-defendant when [he] was the only person charged." Petitioner further argues that he should not have been found guilty of conspiracy when he was acquitted of the underlying crime—grand larceny. Lastly, petitioner contends that the jury instructions clearly indicated that in order to be found guilty of conspiracy, petitioner had to commit an overt act towards the commission of the crime, and the evidence did not support such a finding when Ms. Hensley was the individual who drove the side-by-side from Mr. Meadows's property. Petitioner also raises arguments of ineffective assistance of counsel and claims that he has been denied access to legal materials while incarcerated.[4]

---

[2]The record is not clear as to how petitioner violated the conditions of his bond.

[3]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion to reconsider" in criminal proceedings. Rule 35 of the West Virginia Rules of Criminal Procedure allows a court to revisit its sentencing order to correct or reduce the sentence imposed.

[4]We acknowledge that petitioner filed his brief without representation and, as such, his arguments should be leniently construed. *See Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984) ("The court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake."). However, petitioner completely failed to support his argument with either citation to case law or an adequate record. This failure is in direct contravention of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must

(continued . . .)

At the outset we note that petitioner failed to include a copy of his Rule 35 motion in the appendix record. On appeal, petitioner raises arguments regarding the validity of his conviction, ineffective assistance of counsel, and access to legal materials while incarcerated. However, because petitioner failed to include his motion, we are unable to ascertain whether he raised these issues before the circuit court below. It is this Court's general rule that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered. *See* Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011) ("Errors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there."). Accordingly, petitioner failed to demonstrate his entitlement to relief in this regard.

However, even assuming that petitioner raised these arguments in his motion, his arguments are inappropriate for an appeal of his Rule 35 motion. "Rule 35 contemplates correction or reduction of a criminal sentence rather than a challenge to the underlying conviction." *Layne v. Siefert*, No. 101278, 2012 WL 2874240, at *1 (W. Va. Jan. 13, 2012) (memorandum decision). Here, petitioner attempts to challenge the validity and evidentiary basis of his conviction rather than challenge his sentence. Such arguments are simply outside the scope of a Rule 35 motion. Moreover, the circuit court's findings indicate that the court was not considering arguments pertaining to the validity of petitioner's conviction and, instead, focused on a request for a reduction of sentence. The circuit court found that petitioner was found guilty of conspiracy by a jury and that his sentence was appropriate given his prior criminal record, history of substance abuse, and his failure to comply with his bond. Petitioner completely fails to address these findings or explain how the circuit court allegedly erred in denying said motion. Simply put, petitioner's arguments are outside the scope of his Rule 35 motion, and he failed to demonstrate that he is entitled to the relief he requests. Therefore, we find no error in the circuit court's order denying his "motion to reconsider."

Petitioner next argues that his trial counsel was ineffective. Although not clear, it appears that petitioner alleges that his counsel was ineffective for not filing an appeal immediately following

contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

the trial and instead filing a "motion to reconsider." Petitioner claims that his counsel led him to believe that a "motion to reconsider" was required before filing an appeal.

We have previously held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel . . . on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). Moreover, we have explained that

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995).

Accordingly, we decline to address an alleged ineffective assistance of counsel claim in this appeal because the record has not been developed on this issue. If petitioner desires to raise this issue, it must first be developed in a habeas corpus proceeding.

Finally, petitioner argues that he has been denied access to legal materials required to "properly research and defend himself." This claim is likewise more suitable for a habeas corpus petition. This Court has specifically recognized that habeas corpus lies to address the constitutionality of the conditions of confinement. *Crain v. Bordenkircher*, 176 W. Va. 338, 342 S.E.2d 422 (1986). Because a record has not been developed on this issue, petitioner may first develop it in a habeas corpus proceeding, if he so desires.

For the foregoing reasons, the circuit court's January 26, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

5